Appeal from special term, New York county:

Action by Josephine F. Sabater against Domingo M. Sabater. From an order denying a motion to strike from a judgment a direction that plaintiff recover from defendant the costs of the action, defendant appeals.    Reversed.

The action was brought for an absolute divorce. Issues were joined therein, and the action was referred to a referee to hear, try, and determine. The case was tried, and the report of the referee was made and filed, directing judgment for the plaintiff for an absolute divorce, alimony, and the custody of the children, but there was no direction for the payment or recovery of costs. A motion was made at special term for a confirmation of the referee's report and for judgment. The court awarded judgment in the usual form in favor of plaintiff, and, among other things, adjudged that the plaintiff recover of the defendant the costs of the action, specifying the amount thereof. Thereupon the motion was made and the order entered, from which order this appeal is taken.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

J. J. K. O'Kennedy, for appellant.
Edward Jacobs, for respondent.

WILLIAMS, J.   The court had no power to insert in the judgment the provision for the recovery of costs.   The referee had discretion to allow or disallow costs.   The special term had no such power.   It could insert no provision in the judgment not authorized by the referee in his report.   Jones v. Jones, 71 Hun, 519, 24 N. Y. Supp. 1031.   This provision in the judgment was unauthorized, and the remedy to correct the judgment in this respect was by motion to strike out.   It is doubtful if the question could be raised by appeal from the judgment.   Briggs v. Hilton, 99 N. Y. 517.

The order appealed from should be reversed, and the motion to strike out should be granted, but without costs of appeal or motion, because the plaintiff was the wife.   All concur.

---

MAYOR, ETC., OF NEW YORK v. EIGHTH AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   June 19, 1896.)

1. STREET RAILROADS—TERMS OF FRANCHISE—DUTY TO PAVE STREETS.
The common council of New York City, by resolution, authorized defendant to lay a railroad track on certain streets, and required it to keep in repair the space between the tracks. A subsequent resolution authorized defendant to extend its road along certain other streets, but did not state that the extension was on the same terms as were contained in the first resolution, nor did it make any provision as to keeping the space between the tracks in repair. Held, that defendant was not required to keep in repair the space between the tracks, as extended. Mayor v. New York & H. R. Co. (Sup.) 19 N. Y. Supp. 67; Id. (N. Y. App.) 35 N. E. 206, followed.

2. SAME—CONCURRENT RESOLUTION OF COMMON COUNCIL.
Nor did a resolution adopted at the same time as such subsequent resolution, providing that another railroad company, on paying to defendant one-half of the cost of a certain portion of its track, and of keeping it in repair from time to time thereafter, and also half of the cost of the repairs,

from time to time, of the extension, should have the right to use the track and run its cars thereon, show an intention that defendant should repair the street between its tracks on the extension of its road.

Action by the mayor, aldermen, and commonalty of the city of New York against the Eighth Avenue Railroad Company, to compel defendant to reimburse plaintiff for the cost of laying 468.8 square yards granite block pavement, and 163 square feet bridge stone, in Chambers street, between Church street and West Broadway. The complaint was dismissed, and plaintiffs moved for a new trial, on exceptions ordered to be heard at general term in first instance, under Code Civ. Proc. § 1000. Denied.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

D. J. Dean, for the motion.

John M. Scribner, opposed.

PATTERSON, J. On the trial of this cause, a verdict was directed for the defendant, and it was ordered by the court that the exceptions be heard in the first instance at the general term. The action was brought to recover the cost of paving and regulating so much of the carriage way of Chambers street from Park Row to Greenwich street, in the city of New York, as is included in the space between the tracks of the defendant corporation's railroad, and for a distance of eight feet in width on either side thereof. There is no dispute as to the facts relating to the single question which we conceive to be the determinate one in the case. It is sought to hold the defendant liable upon an alleged contract with the city, to pay for certain repairs to the roadway in which the railway tracks are laid, and on which the defendant's road is operated, when the necessity for making such repairs exists; and this obligation, it is claimed, results from the terms of the instruments or grants which constitute the authority under which the defendant built, and now maintains and operates, its railway. That part of the railway to which this action relates was not built under an original franchise, but is an extension of the defendant's road. The original grant or authority to the defendant to construct and operate a railway in the city of New York was derived from a resolution of the common council passed December 3, 1851, by which certain named persons, and those associated with them, and their successors and assigns, were authorized to lay a railroad track on certain streets in the city of New York (not including Chambers street), upon certain terms and conditions, among which was one that they should keep in good repair the space between the track and the space outside the same on either side for at least eight feet in width. Under that resolution, the persons named therein, on or about the 6th of September, 1851, executed an agreement providing that they, their successors and assigns, would faithfully observe and perform and keep all the terms and conditions and stipulations therein contained, including the one referred to, with reference to repairs to the streets. On the 13th of December, 1852,

another resolution of the common council of the city of New York was passed, which gave to these same persons and their associates and assigns the right to extend their railway along other streets in the city of New York, among them being Chambers street, between Church street and West Broadway. The defendant, the Eighth Avenue Railroad Company, is the assignee of the persons named in these resolutions, and it has assumed all the covenants and stipulations, terms, and conditions upon which the right or franchise to build and operate the road and extension was granted. About the 16th of April, 1889, the commissioner of public works of the city of New York was authorized and directed to repave the carriageway of Chambers street between Park Row and Greenwich street, and accordingly entered into an agreement with a contractor to do that work, and the carriage way, which included the space between the tracks of the defendant's road and eight feet on either side thereof, was repaved, and the city, by this action, calls upon the defendant to reimburse it for what is substantially claimed to be the defendant's contributive share of the cost and expenses of that repaving.

The precise question relates to the liability of the defendant to pay the demand thus made upon it by the city. If any obligation exists at all, it must be by virtue of some contract, express or implied. The improvement was made upon that part of the defendant's road which is included in the extension authorized and permitted by the resolution of the common council of 1852. There can be no doubt as to the obligations of the defendant with reference to street repairs along its main line, but there is nothing in the resolution of the common council of 1852 which binds those to whom the concession was then made, or their successors or assigns, to the identical terms of the grant made by the resolution of 1851. It is alleged in the complaint in this action that the right to build, maintain, and operate the extension was conceded upon the same terms as those pertaining to the original grant; but there is nothing in the terms of the resolution authorizing the extension which incorporates in it any of the provisions of the resolution of 1851. There being no stipulation between the parties, nor any provision of law, from which an implication of liability can be drawn, it is not for the court to impose upon the defendant an obligation it did not assume. The question raised does not differ from that which was discussed and passed upon in the case of Mayor, etc., v. New York & H. R. Co. (Sup.) 19 N. Y. Supp. 67, affirmed by the court of appeals, 139 N. Y. 643, 35 N. E. 206; and what was said in that case respecting the distinction between the original grant and the extension, the latter being upon the same terms and conditions as those of the former, applies here.

It is claimed, however, by the plaintiff, that enough appears in the record of the action of the common council of 1852 to show that the grant of the authority to build the extension of the defendant's line in Chambers street was accepted with the knowledge and understanding on the part of those to whom the concession was made

that the terms of the original grant respecting repairs to the street should be included as one of the conditions upon which the right to build the extension was granted. It is sought to sustain that view by reference to another resolution which was passed contemporaneously with that which conferred the right to build the extension, and which is said to form part of that resolution. It appears that on December 13, 1852, two resolutions which had been passed by the common council were approved by the mayor. The first is that which contains the authority to the Eighth Avenue Railroad Company to extend its rail; and the second, one which provides that the Sixth Avenue Railroad Company, upon paying to the Eighth Avenue Railroad Company one-half of the cost of that portion of their road lying between Varick street and West Broadway, and of keeping it in repair from time to time thereafter, and also half of the cost of the repairs from time to time of the extension authorized in the first resolution, shall be at liberty to use and own half of the same, and run its cars thereon, etc. The argument is made by the plaintiff that this second resolution of December, construed in connection with the other resolutions conferring authority upon the defendant corporation, shows that the covenants and conditions of the original grant concerning repairs were in the contemplation of the parties at the time the two resolutions of 1852 were passed. It is said that, unless that second resolution means that the Eighth and the Sixth Avenue Railroad Companies are bound to repair the space between the tracks and eight feet on either side thereof, it is devoid of sense; but that is merely begging the question. The subject-matter of the second resolution of 1852 is the joint use by the Sixth Avenue and the Eighth Avenue Railroad Companies of a certain portion of the Eighth Avenue Railroad's line, and the terms upon which the Sixth Avenue Railroad Company is permitted to use that portion. The reimbursement to the Eighth Avenue Railroad Company of one-half of what it paid to construct that portion, and of what it might from time to time cost the Eighth Avenue Railroad Company to keep its road in repair, are all the conditions upon which the city granted to the Sixth Avenue Railroad Company the privilege to run its cars over a part of the same line to which it had already conceded rights to the Eighth Avenue Railroad. It imposes no obligation upon the Eighth Avenue Railroad Company. It does not provide for one single act or thing to be done by the Eighth Avenue Railroad Company respecting repairs. It does not compel it to make repairs to the roadway nor the street, and the natural significance of the word "repairs" in that connection relates merely to such repairs as would be required for the maintenance of the defendant's road. One-half the cost of construction, and one-half the cost of the repairs to keep that construction in condition, are the terms upon which the Sixth Avenue Railroad Company acquired the privilege of running its cars over the Eighth avenue tracks, between the streets mentioned. The resolution does not contain, either directly or indirectly, any reference whatever to keeping the street or the pavement on the street, or

any portion of that pavement, in repair; and, even construing all the resolutions of the common council relating to the subject together, there can be no implication of such a contract as the plaintiff seeks to have established in this action.

We are therefore of the opinion that the obligation contained in the resolution of 1851 to keep the carriage way on the line of the defendant's road in repair was not made a condition of the extension, and that the direction of a verdict for the defendant was right, and that the exceptions of the plaintiff should be overruled, and judgment thereon directed for the defendant, with costs. All concur.